By the Court :
“At common law a corporation, when it sues, need not set forth its title in the declaration; but if issue be taken, it must show, by evidence upon the trial, that it is a body corporate, having legal authority to make the contract which it seeks to enforce, if the action be upon contract, or to sue in that character and capacity in which it appears in court. * * * The code does not require the title of the plaintiff to sue to be more specifically set out than was required at common law.” Smith v. Weed Sewing Machine Company, 26 Ohio St., 565.
It is therefore not necessary to aver in a petition that the plaintiff is a corporation, and if such averment is made in the petition it will not be held to be a material allegation, and will be regarded as mere surplusage, and a general denial to a petition containing such an averment will not impose upon the plaintiff the burden of proving at the trial that the plaintiff is a corporation. If the defendant desires to raise the issue as to whether the plaintiff is a corporation, he must specially plead and aver in his answer that the plaintiff is not a corporation, and has no right to contract or sue as such, as the case may be.
The same rule applies when a -corporation comes in by way of cross-petition.
*270 If, hoAvever, a corporation is made a defendant in an action, and its charter, powers or franchises become the foundation of such action, the same must be specifically pleaded in the petition; and if the corporation be a foreign one, the name of the state by which, and the substantial terms in which, the charter, powers and franchises Avere granted, should appear in the petition. Devoss v. Gray, 22 Ohio St., 159.

Judgements affirmed.

Min shall, C. J., Williams, Burkist, Spear, Davis and Siiauok, JJ., concur.'